WOMACK *v.* WOMACK.

A complaint on a promissory note, with a copy of the note appended, is not bad for not averring that the note is due and remains unpaid.

The note being *prima facie* evidence of indebtedness, payment would seem to be proper matter of defense.

APPEAL from the *Decatur* Court of Common Pleas.

STUART, J.—Complaint on a promissory note for the payment of 301 dollars and 52 cents. Demurrer to the complaint overruled, and judgment.

The complaint is in these words: "*John D. Womack* complains of *Aaron Womack*, and says that the defendant, on the 13th day of *June*, 1854, by his note, a copy of which is filed herewith, promises to pay the plaintiff 300 dollars and 50 cents, which remains unpaid, and the plaintiff demands judgment for 400 dollars."

A copy of the note is attached. Demurrer, in the general form, that the complaint does not state facts sufficient to constitute a cause of action.

The point assigned for error, and relied on in argument, is that there is no averment that the note is due and remains unpaid.

We regard the complaint sufficient under the statute. 2 R. S. p. 37, s. 49. It may be considered a model of brevity. The copy of the note is part of the complaint, placed there expressly "to enable a person of common understanding to know what is intended." Section 49, *supra*.

The averment that it is unpaid is sufficient, if necessary. The note being *prima facie* evidence of indebtedness, payment, if made, would seem to be properly matter of defense (1).

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

(1) See *Hubler* v. *Pullen, ante,* 276, and note, for authorities.